UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY FALSO,

                              Plaintiff,

                                                                    DECISION AND ORDER

                                                                    07-CV-6293L

             v.

CHURCHVILLE-CHILI CENTRAL SCHOOL
DISTRICT,

                              Defendant.
_____

## Introduction

        Plaintiff Anthony Falso, Jr. ("Falso"), proceeding *pro se*, brings this action alleging that

defendant Churchville-Chili Central School District ("Churchville-Chili") discriminated against

him with respect to his employment in violation of Title VII of the Civil Rights Act of 1964

("Title VII"), 42 U.S.C. § 2000e et seq., and the Americans with Disabilities Act ("ADA"), 42

U.S.C. §12101 et seq.

        Falso alleges that he has an unspecified learning disability.  From April to December of

2006, Churchville-Chili employed Falso as a substitute teacher.  On December 6, 2006, Falso

was assigned to teach a digital imaging class and encountered some difficulty keeping the class

under control.  Soon after the class period was over, a man that Falso is unable to identify as

either Churchville-Chili faculty or staff told Falso that the students had difficulty understanding

him in class.  Falso replied that he used a different learning style in his class presentation and mentioned that he has a learning disability.  Falso alleges that upon this revelation the man became angry and frustrated with him.  Falso was promptly informed by a letter from Churchville-Chili's director of human resources, Lawrence Vito, dated December 11, 2006, that his name had been removed from the list of potential substitute teachers at Churchville-Chili. Falso alleges that in a subsequent conversation between them, Vito told Falso that the reports he received about Falso did not contain any information about Falso's learning disability. Nonetheless, Falso believes his termination was based on the school's newfound awareness of his learning disability.

On or about January 19, 2007, Falso filed a complaint against Churchville-Chili with the New York State Division of Human Rights ("NYSDHR"), alleging that he had been discriminated against on the basis of his learning disability in violation of the ADA.  After investigating Falso's claims, on April 17, 2007, the NYSDHR issued a "no cause" finding and dismissed Falso's complaint, noting that the evidence did not support his allegations that Churchville-Chili discriminated against him based on a disability.  Those findings were adopted by the Equal Employment Opportunity Commission ("EEOC") on June 5, 2007.  Six days later, Falso initiated the instant action, purporting to assert claims under Title VII and the ADA against Churchville-Chili.

Churchville-Chili now moves to dismiss the Complaint pursuant to Fed. R. Civ. Proc. 12(b)(6), on the grounds that Falso has failed to allege any facts whatsoever with respect to his Title VII claim, and has failed to state a claim of discrimination pursuant to the ADA.  For the

- 2 -

reasons set forth below, Churchville-Chili's motion to dismiss is granted, and the Complaint is dismissed.

## Discussion

In deciding a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6), the court's review is limited to the Complaint, and those documents attached to the Complaint or incorporated therein by reference. *See Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660, 662 (2d Cir. 1996). The Court must "accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994), *citing Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir. 1987). However, "bald assertions and conclusions of law will not suffice" to defeat a motion to dismiss. *See Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126, 126 (2d Cir. 2007).

The traditional Rule 12(b)(6) test, which permitted dismissal only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," has recently been rejected by the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), which conclusively retired the "no set of facts" test and held that "a plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1964-65 (citations omitted). *See e.g., Transhorn, Ltd. v. United Technologies Corp.*, 502 F.3d 47, 50 (2d Cir. 2007) (concluding that *Twombly*'s holding, which addressed an antitrust claim, is not limited

to that context and "affects pleading standards somewhat more broadly");  *Ashcroft v. Dept. of Corrections*, 2007 U.S. Dist. LEXIS 49079 (W.D.N.Y. 2007) (discussing and applying the *Twombly* standard).  Thus, where a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 127 S. Ct. at 1974.

## I.Falso's Title VII Claims

Title VII prohibits employers from discriminating against employees on the basis of race, color, religion, sex, or national origin.  42 U.S.C. §2000e-2.  With respect to his claim that Churchville-Chili terminated his employment in violation of Title VII, Falso alleges no facts that even hint at his termination being the result of his membership in any of those protected classes.  Since Falso failed to allege any facts whatsoever that would support his Title VII claims, they must be dismissed.

In the alternative, even if Falso had alleged facts to support a Title VII claim, his administrative charge with the NYSDHR makes no reference to discrimination on the basis of race, color, religion, sex or national origin in general, or to Title VII in particular.  It does not appear that the NYSDHR or EEOC ever investigated such claims, and I find that Falso's new allegations of discrimination under Title VII bear no "reasonable relationship" to the allegations contained in his NYSDHR complaint.  Accordingly, Falso has failed to exhaust his administrative remedies with respect to his Title VII claims, and they must be dismissed. *See Hawkins v. Wegmans Food Market*, 2007 U.S. App. LEXIS 12014 at *3 (2d Cir. 2007) (unexhausted race and age discrimination claims are not "reasonably related" to gender and

disability discrimination claims recited in plaintiff's EEOC filing, and therefore must be

dismissed), *citing Williams v. New York City Housing Auth.*, 458 F.3d 67, 70 (2d Cir. 2006).

## II. Falso's ADA Claims

Title I of the ADA prohibits employers from discriminating against any "qualified

individual with a disability because of the disability of such individual in regard to" any aspect of

employment.  42 U.S.C. §12112(a).  A plaintiff asserting a violation of the ADA must show that:

(1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3)

he was otherwise qualified to perform the essential functions of his job, with or without

reasonable accommodation; and (4) he suffered adverse employment action because of his

disability.  *See Giordano v. City of New York*, 274 F.3d 740, 747 (2d Cir. 2001).

A plaintiff disabled within the meaning of the ADA is one who: "(i)  has a physical or

mental impairment which substantially limits one or more of such person's major life activities,

(ii) has a record of such an impairment, or (iii) is regarded as having such an impairment."  42

U.S.C. §12102(2).  An impairment cannot be demonstrated merely through evidence of a medical

diagnoses; rather, the ADA "requires those claiming the Act's protection . . . to prove a disability

by offering evidence that the extent of the limitation [caused by their impairment] in terms of

their own experience . . . is substantial."  *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534

U.S. 184, 198 (2002).  Here, Falso's Complaint and its attachments, including his administrative

complaint filed with the NYSDHR and accompanying correspondence, fail to "amplify [his]

claim with some factual allegations in those contexts where such amplification is needed to

render the claim plausible."  *Iqbal*, 490 F.3d at 157-158 (applying *Twombly*).

First, by only generally alleging that he has a "learning disability as defined by the New York Human Rights Law," Falso fails to specify an impairment which substantially limits one or more major life activities.  As an initial matter, this statement is a conclusion of law which cannot defeat a motion to dismiss.  *See  Reddington*, 511 F.3d at 126; *Starr v. Time Warner, Inc.*, 2007 U.S. Dist. LEXIS 88219 (S.D.N.Y. 2007).  Second, Falso makes no allegation that any record of his learning disability exists, or that any decision-maker at Churchville-Chili regarded him as having such an impairment.  Notwithstanding the liberal interpretation afforded Falso's allegations because of his *pro se* status, Falso failed to provide Churchville-Chili with fair notice of the nature of Falso's alleged disability, Churchville-Chili's alleged failures to accommodate it, or the grounds for Falso's claim that he was improperly terminated.  *See e.g.*, *Taggert v. Moody's Investors Serv., Inc.*, 2007 U.S. Dist. LEXIS 52765 at *22-*24 (S.D.N.Y. 2007) (dismissing ADA discriminatory discharge claim, where plaintiff failed to describe her alleged disability or to explain whether and how her employers were informed of her disability or the required accommodations, or refused to provide them).  Accordingly, Falso has failed to state a claim of disability-related discrimination pursuant to the ADA which "raise[s] a right to relief above the speculative level," and his ADA claim must be dismissed.  *Twombly*, 127 S. Ct. at 1974.

## Conclusion

For the foregoing reasons, I find that Falso has failed to state a claim or exhaust his administrative remedies with respect to his Title VII claim, and has failed to state a claim upon

which relief can be granted pursuant to the ADA.  Accordingly, Churchville-Chili's motion to

dismiss those claims is granted, and the complaint is dismissed, with prejudice.

      IT IS SO ORDERED.


_____
DAVID G. LARIMER
United States District Judge


Dated: Rochester, New York
      April 15, 2008.